O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUADALUPE GUEVARA,                    )      NO. CV 07-5637-MAN
                                      )
            Plaintiff,                )
                                      )      MEMORANDUM OPINION
      v.                              )
                                      )      AND ORDER
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
            Defendant.                )
_____)

      Plaintiff filed a Complaint on September 4, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's applications for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On September 14, 2007, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties filed a Joint Stipulation on June 13, 2008, in which:  plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On April 30, 2004, plaintiff filed applications for a POD, DIB, and SSI. (Administrative Record ("A.R.") 78-81.) Plaintiff alleges an inability to work since March 26, 2004, due to fibromyalgia. (A.R. 58, 101.) Plaintiff has past work experience as an office clerk and housekeeper. (A.R. 111, 24.)

The Commissioner denied plaintiff's application initially and upon reconsideration. (A.R. 27-28, 35-39, 44-49.) On April 19, 2006, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Gene Duncan ("ALJ"). (A.R. 299-329.) On June 16, 2006, the ALJ denied plaintiff's claim, and the Appeals Counsel subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 19-25, 8-10.)

### SUMMARY OF ADMINISTRATIVE DECISION

The ALJ determined that plaintiff failed to prove the requisite "changed circumstances" indicating a greater disability, under Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988), because "[t]here has been no documented deterioration of [plaintiff's] physical health since the prior adverse Administrative Law Judge['s] decision of March 25, 2004." (A.R. 22.) The ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2007, and had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. (A.R. 21.) The ALJ further found that plaintiff suffers from a singular "severe" impairment of fibromyalgia, but did not

suffer from a "severe" mental impairment.  (*Id.*)  The ALJ also found that "plaintiff's complaints of a disabling level of pain are not entirely credible and are not reasonably supported by objective medical evidence, especially when consideration is given to the idiosyncratic nature of pain." (A.R. 23.)  Based upon the ALJ's residual functional capacity assessment, and vocational expert testimony, the ALJ found that plaintiff is able to perform her past relevant work as a housekeeper. (A.R. 24.)  Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue.  (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that

detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following four issues:  (1) whether the ALJ properly considered the presumption of continuing non-disability; (2) whether the ALJ properly considered plaintiff's past relevant work; (3) whether the ALJ and the Appeals Council properly considered the medical evidence of record; and (4) whether the ALJ properly considered plaintiff's excess pain testimony.  (Joint Stipulation ("Joint Stip.")

4

at 4.)

I.   **The ALJ Erred In His Consideration Of The Continuing Non-Disability Presumption.**

In _Chavez_, _supra_, the Ninth Circuit held that remand was appropriate when there were "changed circumstances" between the claimant's first administrative decision and the second administrative decision, namely the claimant's reaching advanced age status, which precluded the application of _res judicata_.  844 F.2d at 691.  However, the first administrative law judge's findings regarding the claimant's residual functional capacity, education, and work experience were "entitled to some _res judicata_ consideration in subsequent proceedings." _Id_. at 694 (citing Lyle v. Sec'y of Health & Human Serv., 700 F.2d 566, 568 n.2 (9th Cir. 1983)).

Acquiescence Ruling 97-4(9) explains the difference between Chavez and social security policy that _res judicata_ should not apply to a subsequent claim involving a period that was not adjudicated in the previous claim.  Specifically, "where the final decision by the ALJ on the prior claim, which found the claimant not disabled, contained findings of the claimant's residual functional capacity, education, and work experience, the SSA may not make different findings in adjudicating the subsequent disability claim unless there is new and material evidence relating to the claimant's residual functional capacity, education or work experience."

In the present case, the ALJ imposed the presumption of continuing

5

non-disability.  (A.R. 22.)  However, the record does not contain the prior ALJ's findings and decision.  As a result, the Court cannot accept the ALJ's conclusion that "[t]here has been no documented deterioration of [plaintiff's] physical health since the prior adverse Administrative Law Judge decision of March 25, 2004" (*id.*), because the ALJ's determination lacks an adequate and reviewable factual basis.  Absent a copy of the prior ALJ's analysis and disability decision, the Court is unable to ascertain whether the ALJ, in rendering the decision under review, properly considered the prior findings relative to plaintiff's presently alleged impairments.

Accordingly, this case must be remanded to ensure that plaintiff's present disability claim has been, or will be, assessed on a complete record.  Absent an assessment based on a complete administrative record, the continuing non-disability presumption pursuant to <u>Chavez</u> may not be applied.

**II.  <u>The ALJ's Finding That Plaintiff's Past Work As A Housekeeper Constitutes "Past Relevant Work," Within The Meaning Of The Social Security Act, Should Be Re-Assessed On Remand</u>.**

To qualify as "past relevant work," work activity must have, among other things, amounted to "substantial gainful activity."  20 C.F.R. §§ 404.1565(a), 416.965(a).  While defendant correctly points out that in *some* instances "financial earnings are not conclusive indicators of substantial gainful activity" (Joint Stip. at 11), plaintiff persuasively argues that, in general, "the default setting of the regulatory paradigm is to treat the failure to achieve the specified

6

earnings as demonstrating a lack of substantial gainful activity" (Joint Stip. at 13).  *See* 20 C.F.R. §§ 404.1574, 416.974.  Plaintiff takes issue with the ALJ's failure to engage in a reasonable and proper analysis of whether, given her sparse earnings, plaintiff's past work as a housekeeper meets the "substantial gainful activity" criterion of the "past relevant work" test.  (Joint Stip. at 9-11, 13-14.)

Although the ALJ found that plaintiff's job as a housekeeper amounted to "substantial gainful activity," the record reflects that in 2001, plaintiff earned $5,589.58, and in 2002, she earned $5,672.93. (A.R. 83.)  Averaging plaintiff's income in accordance with the regulations, plaintiff earned an average of $558.96 per month in 2001, and $567.29 per month in 2002.  According to the Social Security Administration ("SSA") website, the baseline amount for "substantial gainful activity" was $740 per month in 2001, and $780 per month in 2002.  *See* http://www.ssa.gov/OACT/COLA/sga.html.  Thus, the ALJ's determination that plaintiff's past work as a housekeeper meets the "substantial gainful activity" relevancy requirement appears to be at odds with the SSA's record of plaintiff's earnings.  The ALJ set forth no explanation to support his conclusion that, notwithstanding the fact that plaintiff's average monthly income in 2001 and 2002 fell below the requisite baseline amounts for "substantial gainful activity," plaintiff's past work as a housekeeper constituted "past relevant work."

Although the Commissioner now attempts to justify the ALJ's analysis by offering post-hoc rationale to support it (Joint Stip. at 11-12), a reviewing court cannot affirm the denial of benefits based on a reason not stated or finding not made by the ALJ, and defendant's

after-the-fact attempt to supply an acceptable basis for the ALJ's decision is thus unavailing.  *See, e.g.,* <u>Connett</u> at 874 (noting that a reviewing court is "constrained to review the reasons the ALJ asserts," and an ALJ's decision cannot be affirmed on the basis of evidence he did not discuss); <u>Pinto v. Massanari</u>, 249 F.3d 840, 847-48 (9th Cir. 2001)(an agency decision cannot be affirmed based on a ground that the agency did not invoke in making its decision); *see also* <u>Barbato v. Comm'r of Soc. Sec. Admin.</u>, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996)(remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council")(citation omitted).

Pursuant to the regulations, the ALJ should have set forth the basis for his conclusion that plaintiff's past work as a housekeeper constituted "substantial gainful activity," notwithstanding the fact that plaintiff's average monthly income fell far short of satisfying the SSA's baseline amounts for 2001 and 2002.  The ALJ's failure to do so constitutes error.

**III.  <u>The ALJ Failed To Evaluate The Medical Evidence Of Record Properly</u>.**

An ALJ is obligated to take into account all medical opinions of record.  20 C.F.R. §§ 404.1527(d), 416.927(d).  In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an

examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). Further, the opinion of a specialist about medical issues related to his or her area of specialization is given more weight than the opinion of a non-specialist. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996)(*citing* 20 C.F.R. §§ 404.1527(d)(5), 416.9127(d)(5)(specifying that more weight is generally given to the "opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist")).

The greatest weight is accorded to the opinions of a claimant's treating physician, because "the treating physician is hired to cure and has a better opportunity to know and observe the claimant as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). When, as in this case, an ALJ elects to disregard the medical findings of treating physicians, he must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Id*. An ALJ's failure to provide such reasons is reversible error. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); *see also* Smolen, 80 F.3d at 1282; Cotten v. Bowen, 799 F.2d 1403, 1408-09 (9th Cir. 1987).

By definition, fibromyalgia, the disease found by the ALJ to constitute plaintiff's severe physical impairment, is not well-understood and difficult to diagnose. *See* Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996)("fibromyalgia . . . [is an] elusive and mysterious disease"; "[it]s cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective"). "The principal symptoms [of fibromyalgia] are

'pain all over,' fatigue, disturbed sleep, stiffness, and . . . multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch." Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001)(quoting Sarchet, 78 F.3d at 307.)   Because of the nature of fibromyalgia, its diagnosis necessarily hinges on a claimant's subjective symptoms; "there are no laboratory tests for the presence and severity of fibromyalgia." Sarchet, 78 F.3d at 306.

"Rheumatology is the relevant specialty for fibromyalgia." Benecke v. Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004); see Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 872-73 (9th Cir. 2004).   "Specialized knowledge may be particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community." Id.

Plaintiff was diagnosed with fibromyalgia, which the ALJ found to be a severe impairment, and major depression, which the ALJ found not to be a severe impairment, by Joseph Nevarez, M.D., her treating physician from August 2003, through June 2005.  (A.R. 199, 200, 207, 209, 214.) At the referral of Dr. Nevarez, Chandrakant V. Mehta, M.D., a rheumatologist, treated plaintiff from October 2003, through May 2006, and diagnosed her with fibromyalgia with neuropathic pain.  (A.R. 156, 251-56.)  Dr. Mehta completed a Fibromyalgia Impairment Questionnaire, in which Dr. Mehta stated that plaintiff had *all* 18 fibromyalgia trigger points and recounted plaintiff's symptoms of "pain, fatigue, irritability, depression, burning, muscle spasms, and tightness." (A.R.

10

1    251-52.)

2

3        In addition, on September 13, 2004, plaintiff was examined, at the
4    request of the Commissioner, by Babak Zamiri, M.D., a consultative
5    rheumatologist, who also diagnosed plaintiff with fibromyalgia with
6    active pressure point tenderness, depression, and anxiety. (A.R. 169.)
7    Dr. Zamiri noted general findings of 18/18 tender points of fibromyalgia
8    with paravertebral muscle spasm. (*Id.*) Although Dr. Zamiri opined that
9    plaintiff could engage in light exertional work, he noted that with her
10   "chronic myalgia and fatigue however, her ability . . . [to do]
11   different work could be limited depending on the type of the job she is
12   involved in." (*Id.*)

13

14       In his decision, the ALJ improperly rejected the opinions of
15   plaintiff's treating and examining physicians, including the opinions of
16   the two rheumatologists, in favor of the opinion of the non-examining
17   medical expert, Samuel Landau, M.D., a cardiologist, and the state
18   agency review physician.[1] First, the ALJ failed to discuss the opinion
19   of Dr. Mehta, plaintiff's treating rheumatologist; second, the reasons
20   articulated by the ALJ for rejecting the opinion of Dr. Nevarez, to whom
21   the ALJ improperly attributed Dr. Mehta's opinions on the Fibromyalgia
22   Impairment Questionnaire, were not legitimate; and third, the ALJ
23   improperly accorded more weight to the non-examining medical expert, who
24   is not a rheumatologist, than to the treating and examining specialists.

25

26   _____

27   [1]    Dr. Landau opined that plaintiff "has a psychiatric disease with
     chronic pain, and she has a diagnosis of fibromyalgia." (A.R. 318.)
28   Both Dr. Landau and the state agency review physician opined that
     plaintiff could perform "light work." (A.R. 186-93, 321.)

1        First, the ALJ failed to address the opinion of Dr. Mehta, a
2   treating specialist in rheumatology, and to provide specific and
3   legitimate reasons for rejecting it in accordance with the governing
4   legal standards.

5

6        Second, the ALJ misattributed to Dr. Nevarez Dr. Mehta's opinion
7   regarding plaintiff's fibromyalgia prognosis and attendant functional
8   limitations, and then rejected the "Nevarez opinion," for legally
9   insufficient reasons.   Specifically, the ALJ stated that, "[t]he
10  expression of disability at Exhibit B11F, p. 24 by Dr. Nevarez, along
11  with his opinions on the Fibromyalgia Impairment Questionnaire signed on
12  May 2, 2006, is a conclus[ory] statement and not based on clinical or
13  objective evidence but largely on [plaintiff's] own complaints and
14  account of her symptoms and limitations." (A.R. 23.)   Critically, while
15  Exhibit B11F contains medical records from Dr. Nevarez, the Fibromyalgia
16  Impairment Questionnaire (Exhibit B12F) was completed by Dr. Mehta, not
17  Dr. Nevarez.   (A.R. 251-56.)   Notwithstanding that error, if the basis
18  for the ALJ's rejection of the opinion of "Dr. Nevarez" was that it
19  amounted to nothing more than a "conclus[ory] statement" that required
20  explanation, the ALJ had a duty to "conduct appropriate inquiry," by re-
21  contacting the authoring physician, for an explanation or clarification
22  of his opinion.   *See* SSR 96-5p ("Because treating source evidence
23  (including opinion evidence) is important, if the evidence does not
24  support a treating source's opinion on any issue reserved to the
25  Commissioner and the adjudicator cannot ascertain the basis of the
26  opinion from the case record, the adjudicator must make 'every
27  reasonable effort' to recontact the source for clarification of the
28  reasons for the opinion.")   Furthermore, due to the nature of

fibromyalgia, the absence of "laboratory or clinical findings," also cited by the ALJ in support of his rejection of the "Nevarez opinion," is not a legitimate basis for rejecting the treating physicians' diagnosis of fibromyalgia. *See* <u>Sarchet</u>, 78 F.3d at 306.

Third, the ALJ improperly accorded more weight to the non-examining medical expert, Dr. Landau, who is a cardiologist, and the state agency reviewing physician[2], than to Drs. Nevarez, Mehta, and Zamiri. Dr. Landau did not examine plaintiff, and critically, he is not a rheumatologist, whose specialized knowledge is of particular importance in dealing with fibromyalgia. As such, Dr. Landau's opinions are entitled to less weight than those of plaintiff's treating specialist, treating physician, and examining specialist. <u>Lester v. Chater</u>, 81 F.3d 821, 830-34 (9th Cir. 1995); *see* 20 C.F.R. §§ 404.1527, 416.927. The ALJ's failure to accord the appropriate weight to the medical opinions of record constitutes error.

Where, as here, plaintiff's treating physician and treating rheumatologist both concluded that plaintiff's fibromyalgia resulted in significant limitations on her ability to work, the ALJ cannot reject those opinions without providing specific and legitimate reasons for doing so, supported by substantial evidence in the record. The ALJ did not do so. Accordingly, remand is appropriate to allow the ALJ the opportunity to discuss Dr. Mehta's opinion and all the medical evidence -- including the opinion of Dr. Portnoff, which was not previously before the ALJ  -- in accordance with the proper legal standards.

---

[2]   The state agency review physician's specialty, if any, is not stated in the record. (A.R. 186-93.)

1    Furthermore, although plaintiff has not challenged the ALJ's
2    conclusion that plaintiff's mental impairment is not severe, the record
3    is replete with references to and diagnoses of plaintiff's depression.
4    Indeed, Dr. Nevarez diagnosed plaintiff with "major depression" (A.R.
5    200, 207), and Dr. Landau opined that plaintiff suffers from a
6    "psychiatric disease" (A.R. 318).  Even the ALJ notes that plaintiff has
7    been diagnosed with "dysthymia" (chronic depression) and has been
8    treating it with medication.  (A.R. 21-22.)  In addition, after the
9    hearing, plaintiff was examined by Kelly Portnoff, M.D., a
10   rheumatologist, who also diagnosed plaintiff with fibromyalgia and major
11   depression.  (A.R. 265-76.)  Dr. Portnoff opined that plaintiff's mental
12   state "negatively impacts her physical symptoms."  (*Id.* at 268.)

13

14   On remand, the ALJ must consider the impact of all of plaintiff's
15   impairments, whether severe or not, on her ability to engage in and
16   sustain full-time work.  *See* <u>Erickson v. Shalala</u>, 9 F.3d 813, 817 (9th
17   Cir. 1993)(ALJ must consider "all factors" that might have a significant
18   impact on claimant's ability to work); *see also* 20 C.F.R. §§
19   404.1545(e), 416.945(e)("we will consider the limiting effects of all
20   your impairment(s), even those that are not severe").

21

22   **IV.  The ALJ Failed To Provide The Requisite Clear And Convincing**
23        **Reasons For Rejecting Plaintiff's Subjective Pain Testimony.**

24

25   Plaintiff alleges that the ALJ improperly rejected plaintiff's
26   subjective pain testimony.  (Joint Stip. at 26-32.)  For the reasons set
27   forth below, the Court agrees.

28

14

The law is well-settled that, once a disability claimant produces evidence of an underlying physical impairment that is reasonablely likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004); <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's subjective symptom testimony must be "clear and convincing." <u>Lester</u>, 81 F.3d at 834. Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. <u>Moisa</u>, 367 F.3d at 885.

Although the ALJ found that plaintiff suffers from "a medically determinable impairment that could reasonably cause some pain and dysfunction," he concluded that plaintiff's "complaints of a disabling level of pain are not entirely credible." (A.R. 23.) The ALJ cited two reasons for his adverse credibility finding, neither of which the Court finds convincing. First, the ALJ stated that plaintiff's subjective pain complaints are inconsistent with her ability to perform simple daily activities. (A.R. 23-24.) Second, the ALJ found that plaintiff's complaints of pain are "not reasonably supported by objective medical evidence." (*Id.*)

The ALJ's first reason for rejecting plaintiff's credibility is not a convincing basis upon which to reject plaintiff's subjective pain

complaints.   The ALJ's casual reference to plaintiff's limited ability to engage in daily activities to support his adverse credibility finding fails to demonstrate how plaintiff's performance of basic self-care activities and light household chores translates into the ability to engage in full-time work.  *See* <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an adverse credibility decision where those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis); <u>Fair v. Bowen</u>, 885 F.2d 597, 602 (9th Cir. 1989)("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.").

The fact that plaintiff can make her bed, drive to the market or the bank "maybe twice a week," and shop for groceries with the assistance of her children does not contradict plaintiff's testimony that she is unable to work a full-time job because of the "constant" and "chronic pain in [her] muscle[s], pain in [her] face or all over [her] body [, and] [f]atigue[]."  (A.R. 123-24, 310, 314-15.)   Indeed, plaintiff never testified that she was able to perform light household chores and/or minimal daily activities without pain and/or without assistance.  (*Id.*)  There is no basis for finding that the simple daily activities cited by the ALJ, which plaintiff apparently struggles to perform, are easily transferable to the more grueling environment of the workplace, much less that they are inconsistent with and/or negate plaintiff's assertions as to her subjective symptoms flowing from her objectively determined physical impairments.  *See* <u>Reddick v. Chater</u>, 157

16

F.3d 715, 722 (9th Cir. 1998)(only if the level of activity was inconsistent with claimant's claimed limitations would the activity have any bearing on claimant's credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)(disability claimant need not "vegetate in dark room" in order to be deemed eligible for benefits).

The ALJ's second reason for rejecting plaintiff's subjective symptom testimony -- that plaintiff's subjective complaints are "not reasonably supported by objective medical evidence" -- is an equally unconvincing basis upon which to reject plaintiff's credibility. (A.R. 23.)  It is well-settled that an ALJ may not discredit a claimant's subjective claims of disabling pain for the sole reason that the alleged degree of pain is not fully supported by objective medical evidence. See Fair, 885 F.2d at 601-02; Stewart v. Sullivan, 881 F.2d 740, 743-44 (9th Cir. 1989).  Indeed, in Cotton, supra, the Ninth Circuit stated explicitly that excess pain, by definition, is "pain that is not supported by objective medical findings."  799 F.2d at 1407.  Moreover, as noted above, fibromyalgia is a disease diagnosed primarily based on subjective complaints, and the absence of "objective medical evidence," such as laboratory tests, cannot be cited as a legitimate basis for rejecting plaintiff's subjective pain and limitations testimony.

Accordingly, the ALJ's rejection of plaintiff's credibility without setting forth clear and convincing reasons for the rejection constitutes reversible error.  On remand, the ALJ must provide reasons, if they exist, in accordance with the requisite legal standards, for discrediting plaintiff's pain testimony.

17

1  **V.    Remand Is Required.**

2

3       The decision whether to remand for further proceedings or order an

4  immediate award of benefits is within the district court's discretion.

5  Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).   Where no

6  useful purpose would be served by further administrative proceedings, or

7  where the record has been fully developed, it is appropriate to exercise

8  this discretion to direct an immediate award of benefits.   *Id.* at 1179

9  ("the decision of whether to remand for further proceedings turns upon

10  the likely utility of such proceedings").   However, where there are

11  outstanding issues that must be resolved before a determination of

12  disability can be made, and it is not clear from the record that the ALJ

13  would be required to find the claimant disabled if all the evidence were

14  properly evaluated, remand is appropriate.   *Id.*

15

16       Here, remand is the appropriate remedy to allow the ALJ the

17  opportunity to remedy the above-mentioned deficiencies and errors.   *See,*

18  *e.g.*, Benecke at 593 (remand for further proceedings is appropriate if

19  enhancement of the record would be useful); McAllister v. Sullivan, 888

20  F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in

21  the record).

22

23                              **CONCLUSION**

24

25       Accordingly, for the reasons stated above, IT IS ORDERED that the

26  decision of the Commissioner is REVERSED, and this case is REMANDED for

27  further proceedings consistent with this Memorandum Opinion and Order.

28

1     IT IS FURTHER ORDERED that the Clerk of the Court shall serve

2   copies of this Memorandum Opinion and Order and the Judgment on counsel

3   for plaintiff and for defendant.

4

5     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

6

7   DATED: March 11, 2009

8                                          _____/s/_____
                                              MARGARET A. NAGLE
9                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28